**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

_____

No. 95-30727

(Summary Calendar)
_____

BENNIE HUNTER,

Plaintiff-Appellant,

versus

PARISH OF BREAUX BRIDGE;
CORRECTIONAL CENTER OF ST MARTIN
PARISH; JOE MASON; MISS PETE; RANDY
PAGEANT; UNNAMED DEFENDANTS,

Defendants-Appellees.

_____

Appeal from the United States District Court
For the Western District of Louisiana
(94-CV-2392)
_____

(October 24, 1995)

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Plaintiff Bennie Hunter filed a complaint under 42 U.S.C. § 1983, alleging that prison officials caused him to contract tuberculosis by negligently exposing him to the virus. He further alleged that prison officials ignored his requests for medical care in violation of the Eighth Amendment. The district court referred

---

[*] Local Rule 47.5.1 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

Hunter's complaint to a magistrate. The magistrate found Hunter's claims to be frivolous, and recommended dismissal with prejudice under 28 U.S.C. § 1915(d).[1] Hunter filed objections to the magistrate's findings within the prescribed time, and asked that he be allowed to amend his complaint to address the deficiencies. The district court, however, agreed with the magistrate and dismissed Hunter's complaint with prejudice.

FED. R. CIV. P. 15(a) allows a party to "amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . ." In this case, no defendant had filed a responsive pleading before Hunter requested permission to amend his complaint. Without commenting on the merits of Hunter's claims, we hold that it was error for the district court to dismiss Hunter's complaint without allowing him the opportunity to amend. *See Vernell v. United States Postal Service*, 819 F.2d 108, 110 (5th Cir. 1987) (holding that where no responsive pleading had been filed, "the district court had no discretion to deny this motion [to amend]"); *see also Worldwide Church of God, Inc. v. California*, 623 F.2d 613, 616 (9th Cir. 1980) (applying Rule 15(a) in § 1983 context).

For the foregoing reasons, we VACATE the district court's dismissal with prejudice, and REMAND to allow Hunter to amend his complaint.

---

[1] The magistrate found Hunter's claims frivolous because Hunter's allegations of negligence were insufficient to support a claim for damages under § 1983, and because his complaint lacked allegations amounting to an Eighth Amendment violation.